**SO ORDERED.**

**SIGNED this 09 day of January, 2008.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RALPH URBAN DEVELOPMENT II, LLC** | **07-02085-5-ATS** |
| **DEBTOR** | |

**ORDER REGARDING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER APPOINTING INTERIM TRUSTEE**

The matter before the court is the motion of creditor Milholland, LLC to enforce a settlement agreement dated October 16, 2007, to which Milholland, the debtor, and other third parties are signatories. A hearing was held in Raleigh, North Carolina on January 2, 2008, and continued to January 8, 2008.

This involuntary chapter 7 petition was initiated on September 20, 2007, by Milholland, LLC against Ralph Urban Development II, LLC. Milholland states in its motion that the debtor was at that time being controlled by Karen Ralph, a 51% owner, and her husband Craig Ralph. Milholland immediately sought appointment of an interim trustee on grounds that Mr. and Mrs. Ralph had failed to attend to the financial affairs of the debtor and refused to communicate with Milholland. The court held a hearing on the motion to appoint a trustee on September 27, 2007, and then continued that hearing to allow the parties to discuss settlement.

Mr. and Mrs. Ralph and Milholland met on October 16, 2007, and signed a settlement agreement. The settlement agreement required the parties to undertake various measures and actions, which Milholland contends the Ralphs have failed to do. Milholland therefore seeks an order of the court enforcing all provisions of the settlement agreement. The agreement, although signed by the debtor, is essentially between the debtor's owners, who are not in bankruptcy.

At the conclusion of the hearing on January 8, the court advised the parties that the conflict between them left the affairs of the debtor unmanaged, and that if the parties could not resolve their issues by the following morning, the court would have no alternative but to appoint a trustee. The parties were unable to do so and appointment of an interim trustee is necessary to both preserve the property of the estate and to prevent loss to it. 11 U.S.C. § 303(g). The original request for an interim trustee was made by Milholland, and the debtor now consents to the appointment of an interim trustee. On the recommendation of the Bankruptcy Administrator, the court appoints Richard D. Sparkman as interim chapter 7 trustee. 11 U.S.C. § 701(a)(1).

Accordingly, the Motion to Enforce Settlement Agreement is **DENIED** without prejudice to possible enforcement by the trustee. Milholland's request for appointment of an interim trustee is **ALLOWED**, and Richard D. Sparkman is appointed interim trustee pursuant to 11 U.S.C. § 303(g).

**SO ORDERED**.

**END OF DOCUMENT**